Electronically Filed - Laclede - January 26, 2026 - 12:59 PM

**EXHIBIT 1**

## IN THE CIRCUIT COURT OF LACLEDE COUNTY MISSOURI

| | |
|---|---|
| KYLEY MARKS,               ) | |
|               ) | |
|         Plaintiff,    ) | |
|               ) | |
| vs.               ) | Case No. |

KYLEY MARKS, )

      Plaintiff, )

vs. )      Case No.

WAL-MART STORES EAST I, LP )
d/b/a WALMART )
Serve at: )
CT Corporation System )
5661 Telegraph Rd Ste 4B )
St. Louis, MO 63129 )

THE COLEMAN COMPANY, INC., )
Serve at: )
CSC-Lawyers Incorporating Service Company )
221 Bolivar Street )
Jefferson City, MO 65101 )

        Defendants. )

## PETITION

**COMES NOW**, Plaintiff Kyley Marks ("Plaintiff"), by and through undersigned counsel, and for her causes of action against Defendants Wal-Mart Stores East, LP I d/b/a Walmart ("Walmart") and The Coleman Company, Inc. ("Coleman"), states and alleges as follows:

### PARTIES

1. Plaintiff Kyley Marks, at all times relevant hereto, was a citizen and resident of Missouri.

2. Defendant Walmart is a foreign limited partnership authorized to do business in Missouri and operates retail stores throughout the State, including a Walmart store in Excelsior Springs, Missouri, where the subject stove and fuel canister were sold.

3. Defendant The Coleman Company, Inc. is a foreign corporation authorized to do business in Missouri and engaged in the design, manufacture, testing, marketing, and distribution of butane fuel canisters intended for use with portable camping stoves, including the Coleman-brand butane canister used in this incident.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to Article V, Section 14 of the Missouri Constitution.

5. Venue is proper in Laclede County, Missouri pursuant to § 508.010, RSMo., because the incident occurred in Laclede County and Plaintiff was first injured there.

## GENERAL FACTUAL ALLEGATIONS RELEVANT TO ALL COUNTS

6. On or about May 2023, an Ozark Trail Tabletop 1-Burner Butane Camping Stove, Model BG2247A1, UPC 0933266305615, within the recalled serial number range, was purchased at Walmart in Excelsior Springs, Missouri.

7. The stove was manufactured by China Window Industry Co., Ltd. and sold by Walmart in the ordinary course of business.

8. At the same time, Coleman-brand butane fuel canisters were purchased from Walmart for use with the stove.

9. The stove and butane canister were used only on limited occasions and were not altered, modified, or misused.

10. On June 29, 2024, Plaintiff was cooking eggs outdoors at NRO Campground in Lebanon, Laclede County, Missouri, using the stove and a properly installed Coleman butane canister.

2

Electronically Filed - Laclede - January 26, 2026 - 12:59 PM

11. The stove had been operating normally for approximately twenty minutes when it suddenly malfunctioned, releasing pressurized butane gas and flames that erupted outward.

12. Flames and gas struck Plaintiff in the face, arms, and upper body, causing severe burn injuries.

13. Plaintiff was transported by ambulance to Mercy Hospital for emergency treatment.

14. The stove was being used exactly as intended, with proper assembly, proper fuel, calm weather conditions, no combustibles nearby, and a properly sized cooking pan.

15. At the time of the incident, the Stove and butane fuel system experienced a sudden and catastrophic release of pressurized gas and flame, consistent with an over-pressurization event.

16. Upon information and belief, the incident was caused by one or more of the following, individually or in combination:

    a. a defect in the Coleman butane fuel canister allowing excessive internal pressure to build;

    b. a defect in the Stove that allowed excessive heat transfer to the fuel canister;

    c. a failure or malfunction of the pressure shut-off, pressure relief, or safety valve system;

    d. inadequate thermal shielding or spacing between the burner and fuel compartment;

    e. foreseeable interaction defects between the Stove and fuel canister;

    f. other design or manufacturing defects not yet known to Plaintiff and within Defendants' exclusive knowledge.

17. Subsequent to Plaintiff's injuries, the Ozark Trail Tabletop 1-Burner Butane Camping Stove was recalled nationwide due to explosion and burn hazards.

18. Plaintiff continues to experience symptoms and medical and emotional consequences from the incident.

## COUNT I – STRICT PRODUCTS LIABILITY
### (Plaintiff v. All Defendants)

19. Plaintiff incorporates herein by reference the allegations set forth above as though fully set forth in Count I.

20. Defendants were engaged in the business of selling the products at issue in this case.

21. The stove and/or butane canister were in a defective and unreasonably dangerous condition when they left Defendants' control.

22. The products were used in a reasonably anticipated manner.

23. The defective condition directly and proximately caused Plaintiff's injuries.

**WHEREFORE**, Plaintiff respectfully requests that the Court enter judgment in her favor and against the Defendants on Count I of this Petition and award such damages as a jury determines to be fair and reasonable, including court costs and post-judgment interest and for all such other relief as the Court deems just and proper.

## COUNT II – Negligence
### (Plaintiff v. All Defendants)

24. Plaintiff incorporates herein by reference the allegations set forth above as though fully set forth in Count II.

25. Defendants owed Plaintiff a duty to exercise reasonable care in design, manufacture, testing, inspection, warnings, and distribution.

26. Defendants breached their duties by, among other acts, failing to design safe products, failing to test adequately, and failing to warn of known dangers.

27. Defendants' negligence directly caused Plaintiff's injuries.

**WHEREFORE**, Plaintiff respectfully requests that the Court enter judgment in her favor and against the Defendants on Count II of this Petition and award such damages as a jury determines to be fair and reasonable, including court costs and post-judgment interest and for all such other relief as the Court deems just and proper.

## COUNT III-Breach of Implied Warranty
### Chapter 400 – UNIFORM COMMERCIAL CODE
### (Plaintiff v. All Defendants)

28. Plaintiffs incorporate herein by reference the allegations set forth above as though fully set forth in Count III.

29. RSMo. section 400.2-314 governs the implied warranty of merchantability and fitness for ordinary purpose in the state of Missouri.

30. Defendants were obligated to provide Plaintiffs with products that were of merchantable quality, were reasonably fit for the purpose for which they were sold and conformed to the standards of the trade.

31. RSMo. section 400.2-315 governs the implied warranty of fitness for a particular purpose in the state of Missouri.

32. Defendants knew at the time of the sale of its products that they were to be used and that Plaintiff relied upon Defendants' judgment to furnish safe and suitable goods.

33. Defendants impliedly warranted that the stove and butane canister were of merchantable quality and safe and fit for use.

34. Defendants breached their implied warranties, because the products sold were not of merchantable quality or fit for their ordinary purpose at the time of the sale. The products were unsafe.

5

Electronically Filed - Laclede - January 26, 2026 - 12:59 PM

35. Defendants' breaches of implied warranties were a direct and proximate cause of Plaintiff's damages.

36. As a result of Defendants' breaches of implied warranties, Plaintiff suffered injury and damages including pain, suffering, emotional distress, anxiety, loss of income, financial expense, post-judgement interest, court costs and other damages not specifically enumerated herein. Under RSMo. section 400.2-714 Plaintiff is entitled to recover damages stemming from the breach of implied warranties.

**WHEREFORE**, Plaintiff respectfully requests that the Court enter judgment in her favor and against the Defendants on Count III of this Petition and award such damages as a jury determines to be fair and reasonable, including court costs and post-judgment interest and for all such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury as to all issues stated herein, and all issues so triable.

Respectfully submitted,

PETERSON & ASSOCIATES, P.C.
*/s/ Kevin T. Young*
Kevin Young #62451
801 W. 47th Street, Suite 107
Kansas City, Missouri 64112
(816) 531-4440
(816) 531-0660 (Facsimile)
kty@petersonlawfirm.com

**ATTORNEYS FOR PLAINTIFF**